IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWIN A. ALLSEITZ, JR., §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. H-98-3122
§
BENNETT S. LeBOW, et al., §
§
    Defendants. §

## ORDER

Pending before the Court is Defendants Bennett S. LeBow's ("LeBow's"), Howard M. Lorber's ("Lorber's"), Marc N. Bell's ("Bell's"), and Richard J. Lampen's ("Lampen's") Motion to Dismiss. (Instrument No. 36).[1] Based on the parties' submissions and the applicable law, the Court finds that Defendants' motion should be **GRANTED**.

### I.

Plaintiff Edwin A. Allseitz, Jr. ("Allseitz") brings this action against several defendants, for manipulating, through various means, the stock price of Brooke Group Limited ("BGL"), a publicly traded company on the New York Stock Exchange ("NYSE").

On February 16, 1999, Defendants LeBow, Lorber, Bell, and Lampen filed a Motion to Dismiss Allseitz's Amended Complaint under Rule 12(b)(6). (Instrument No. 36). Defendants argue that Allseitz fails to asserts any allegations against Lorber, Bell, and Lampen.

---

[1] New Valley Corporation and Brooke Group Ltd. also join in this motion to dismiss as defendants in this case. However, Allseitz does not specifically name either party as a defendant nor does he assert any allegations against these entities. Clearly, the Court can only review those claims asserted against named defendants.

Furthermore, with respect to LeBow, Defendants maintain that Allseitz lacks standing to assert claims for violations of the federal securities laws, that Allseitz's claim for breach of contract is deficient, and that Allseitz has no standing to assert derivative claims for breach of fiduciary duty.

## II.

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Vines v. City of Dallas, Texas*, 851 F. Supp. 254, 259 (N.D. Tex. 1994), *aff'd*, 52 F.3d 1067 (5th Cir. 1995).

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff's complaint. *Gargiul v. Tompkins*, 704 F.2d 661, 663 (2d Cir. 1983), *vacated on other grounds*, 465 U.S. 1016 (1984); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Id.* "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970.

III.

The Court agrees that Allseitz fails to make any specific allegations against Defendants Lorber, Bell, and Lampen in his Amended Complaint. Allseitz merely mentions Lorber and Bell as potential witnesses at trial. Allseitz states that he "can prove damages by SEC filings yet to be surrendered to the court and by witness from representations made by Bennett S. LeBow, Jo Van Siclen, Bryant Kirkland, Howard Lorbar [sic], and Marc N. Bell as to the [relevant] losses . . . ." (Amended Complaint, Instrument No. 30, ¶ 10). This is the only reference to Lorber and Bell. Furthermore, Allseitz does not even discuss Lampen in his Amended Complaint. Therefore, the Court **DISMISSES** Lorber, Bell and Lampen as defendants in this case.

IV.

After thoroughly reviewing Allseitz's Amended Complaint, the Court gleans the following allegations against LeBow: (1) that LeBow had the benefit of inside information concerning the "collapsing global settlements" and then illegally sold his shares of BGL without disclosing this information (insider trading); (2) that LeBow is liable for selling his personal shares of BGL prior to the issuance of the 1998 proxy statement, which sought an increase in the number of authorized shares of BGL (insider trading); (3) that LeBow sold his shares of BGL without first disclosing that common shares or warrants would be issued to Leon Black (insider trading); (4) that LeBow sold his shares of BGL and failed to adequately disclose the interest on that interest deferrals relating to Leon Black's warrant agreement (insider trading); (5) LeBow failed to comply with the New Valley Settlement Agreement (breach of contract); (6) that LeBow "siphon[ed] millions of dollars of public money from" BGL and New Valley Corporation for his own personal expense and personal benefit (breach of fiduciary duty); and

3

(7) that LeBow committed several instances of gross negligence to the detriment of BGL's shareholders, including refinancing the company's debt in 1996 at a higher interest rate, selling common shares of BGL to Carl Ichan below the fair market price, and deferring interest at a rate of 15.75% (breach of fiduciary duty).[2]

### A.

Several of Allseitz's allegations concern insider trading in violation of federal securities law. "Under the 'traditional' or 'classical theory' of insider trading liability, . . . [Section] 10(b) [of the Securities Exchange Act of 1934] and [Securities and Exchange Commission] Rule 10b-5 are violated when a corporate insider trades in the securities of his corporation on the basis of material, nonpublic information." *United States v. O'Hagan*, 117 S. Ct. 2199, 2207 (1997). More specifically, Section 10(b) prohibits the use of any means of interstate commerce to employee any manipulative or deceptive device or contrivance in connection with the purchase or sale of securities. 15 U.S.C. § 78j(b). Rule 10b-5, promulgated thereunder, prohibits as deceptive material misstatements or omissions in securities transactions. 17 C.F.R. § 240.10b-5.

"Under [S]ection 10(b) or Rule 10b-5, a plaintiff must prove: (1) a misstatement or omission; (2) of a material fact; (3) *occurring in connection with the purchase or sale of a security*; (4) that was made with scienter; (5) upon which the plaintiff justifiably relied; and (6) that proximately caused injury to the plaintiff." *In re Browning-Ferris Indus. Inc. Securities Litigation*, 876 F. Supp. 870, 878 (S.D. Tex. 1995) (emphasis added). Thus, "[s]tanding under these provisions requires that a plaintiff be an actual 'purchaser' or 'seller' of securities who has

---

[2]LeBow is the Chairman of the Board, President and Chief Executive Officer of BGL and the Chairman of the Board and Chief Executive Officer of New Valley Corporation. (Defendants' Motion, Instrument No. 36, Exh. 1, at 1).

4

been injured by deception or fraud 'in connection with' the purchase or sale, the so-called '*Birnbaum* rule.'" *7547 Corp. v. Parker & Parsley Dev. Partners, LP*, 38 F.3d 211, 226 (5th Cir. 1994) (emphasis added); *Broad v. Rockwell Int'l Corp.*, 614 F.2d 418, 435 (5th Cir. 1980); *In re Browning-Ferris*, 876 F. Supp. at 909. "The [Securities] Exchange Act defines a purchase to include 'any contract to buy, purchase, or otherwise acquire securities[.]'" *Broad*, 614 F.2d at 435 (quoting 15 U.S.C. 78c(a)(13)). The Act defines "a sale to include 'any contract to sell or otherwise dispose of securities.'" *Id.* (quoting 15 U.S.C. 78c(a)(14)).

The contemporaneous trading requirement must be met because non-contemporaneous traders "'do not suffer the disadvantage of trading with someone who has superior access to information.' . . . To extend the time of liability well beyond the time of the insider's trading could make the insider liable to 'all the world.'" *In re Browning-Ferris*, 876 F. Supp. at 909 (quoting *Neubronner v. Milken*, 6 F.3d 666, 669 (9th Cir. 1993)). Essentially, the contemporaneous trading requirement or the *Birnbaum* rule "bars three principal classes of potential plaintiffs from maintaining an action under [Section 10(b)] and Rule 10b-5; first, potential purchasers of shares; second, actual shareholders who refrain from selling; and third, shareholders who claim that fraudulent activity decreased the value of their investments." *Broad*, 614 F.2d at 436.

Here, Allseitz fails to allege that the unlawful conduct by LeBow occurred in connection with the purchase or sale of securities by Allseitz. Rather, Allseitz simply complains that he is an actual shareholder who refrained from selling, but who would have sold his shares had he known certain information. For example, with respect to the collapse of the global settlement, Allseitz states that "had . . . [he] known the global settlement would not go through . . . [he]

would have sold his . . . [BGL] shares between $15-17[.]" (Amended Complaint, Instrument No. 30, ¶ 11). In addition, Allseitz maintains that had he been aware of the issuance of 3.4 million shares of warrants to Black, "he would have sold his shares [of BGL] and shares of others." (*Id.*). Furthermore, Allseitz complains that he "would have sold his shares and the shares of others had the interest rate deferrals been made public prior to LeBow['s] sales in March." (*Id.*).

"To survive a Rule 12(b)(6) dismissal, Allseitz must allege fact entitling him to relief for his substantive causes of action. *See Coates v. Heartland Wireless Communications, Inc.*, 26 F. Supp.2d 910, 914 (N.D. Tex. 1998). As mentioned, "courts have required that . . . [a] plaintiff[] be [an] actual purchaser[] or seller[] to maintain an action" under Section 10(b) or Rule 10b-5. *Broad*, 614 F.2d at 435. Allseitz's allegations in his Amended Complaint clearly indicate that he was neither an actual purchaser or seller at the time of LeBow's purported unlawful activities. The Court, therefore, finds that Allseitz fails to state a claim under Section 10(b) or Rule 10b-5 against LeBow. Defendants' motion to dismiss Allseitz's claims against LeBow for violations of these federal securities laws is **GRANTED**.

**B.**

Next, Allseitz asserts that LeBow failed to comply with "his own New Valley Settlement Agreement[.]" (Amended Complaint, Instrument No. 30, ¶ 12). In particular Allseitz claims that:

> LeBow failed to comply with his own New Valley Settlement [A]greement promising good faith or best efforts to achieve a New Valley Listing. The failure of the agreement cost Allseitz and others millions of dollars from the unnecessary devaluation of New Valley preferred B and New Valley [c]ommon shares because of the every increasing New Valley Preferred A undeclared 19% dividends compounding interest on interest.

6

(Amended Complaint, Instrument No. 30, at 12).

Under Texas law, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) compliance with its terms by the plaintiff; (3) breach of the contract by defendant; and (4) damages to the plaintiff as a result of the breach." *W.G. Pettigrew Distrib. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1052 (S.D. Tex. 1996). Thus,

> [i]t is necessary that the petition aver every material part of the contract and so much of it as essential to the cause of action should be specifically set out. Since no recovery can be had for a breach of contract that is not pleaded, the petition must show a breach of contract by the defendant, and is defective if it fails to do so.

*Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi, 1991, writ denied) (quoting *Koenning v. Manco Corp.*, 521 S.W.2d 691, 695 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.)). More importantly, "[i]t is elementary that there must be an allegation of a contractual relationship." *Id.*

In this case, Allseitz does not allege the existence of a contractual relationship between himself and LeBow. Furthermore, there is no indication in the record that Allseitz was a party to the Global Settlement Agreement that was allegedly breached by LeBow. In fact, Allseitz refers to this contract as LeBow's "own New Valley Settlement [A]greement." (Amended Complaint, Instrument No. 30, ¶ 12). In the absence of any allegation that Allseitz had a contractual relationship with LeBow, based on the New Valley Settlement Agreement, the Court concludes that Allseitz fails to state a claim for breach of contract against LeBow. *See W.G. Pettigrew*, 976 F. Supp. at 1052-53 (holding that plaintiff's breach of contract claim failed because plaintiff did not have a contractual relationship with the defendant). Defendants' motion to dismiss Allseitz's breach of contract claims is **GRANTED**.

## C.

Lastly, Allseitz argues that LeBow breached several fiduciary duties that he owed to BGL and/or New Valley Corporation and their shareholders. "Texas adheres to the general rule that a shareholder does not have a direct action against a director who has mismanaged the affairs of the corporation." *FDIC v. Howse*, 802 F. Supp. 1554, 1561 (S.D. Tex. 1992) (citing *Gaubert v. U.S.*, 885 F.2d 1284, 1291 (5th Cir. 1989)); *7547 Corp.*, 38 F.3d at 221 ("The cases are legion that a shareholder may not sue directly for breaches of duties by officers and directors of a company because those injuries are actually suffered by the corporation."). "[A] cause of action for injury to the property of a corporation or for destruction of its business is vested in the corporation, not a shareholder, even though the harm may result in loss of earnings to the shareholder." *Id*. "Only a corporation, not its shareholders, can complain of injuries sustained by a corporation." *Id*. "In other words, a shareholder's right of action is derivative." *Id*.

With respect to legal representation, in federal court, a corporation is not permitted to proceed pro se. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (directing that counsel be hired to represent the corporation because the plaintiff shareholder, a nonlawyer, could not represent the corporation). This rule also applies to derivative suits brought by a corporation's shareholder. *See Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976). "Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney." *Id*.

In *Phillips v. Tobin*, 548 F.2d 408, 412 (2d Cir. 1976), the Second Circuit explained the necessity for an attorney in a shareholder's derivative suit as follows:

> Unlike a personal suit, failure of the plaintiff to succeed in . . . [a shareholder's derivative action] will result in a loss to the corporation because under the laws of many

states . . . a corporation is obligated to indemnify the individual director defendants for their fees and expenses if the suit fails. This could mean a substantial loss to the corporation and could result in a decrease in the corporate assets and the value of the shares. Likewise, any recovery will run directly to the corporation and not to the plaintiff.

Here, there is no indication in the record that Allseitz is a licensed attorney. Therefore, the Court finds that Allseitz is improperly prosecuting this shareholder's derivative suit against LeBow pro se.

Even if Allseitz later seeks to become represented by a member of the bar, the Court still finds that Allseitz's cause of action against LeBow for breach of fiduciary duties must be dismissed for failure to state a claim. First, Allseitz has not alleged that he made a demand upon BGL or New Valley Corporation prior to filing his suit. Second, Allseitz fails to allege that he was a shareholder of BGL or New Valley Corporation at the time of LeBow's purportedly wrongful activities and that he is currently a shareholder of these companies.

Rule 23.1 of the Federal Rules of Civil Procedure governs derivative actions by shareholders. Rule 23.1 provides that "[t]he complaint shall allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." FED. R. CIV. P. 23.1; *Fidelity & Deposit Co. v. Conner*, 973 F.2d 1236, 1240-41 (5th Cir. 1992). "[E]ven if futile, the demand must be made." *Howse*, 802 F. Supp. at 1562 n.5. Allseitz's complaint makes no effort to comply with the requirements of Rule 23.1. There is no indication that Allseitz made a demand upon BGL or New Valley Corporation or a suggestion that such a demand would have been futile.

Furthermore, "for [a] plaintiff to satisfy the standing requirements of Rule 23.1, he must demonstrate that he owned stock in the corporation at the time of the transaction of which he complains and throughout the pendency of the suit, which includes the bringing of the suit and its prosecution." *Lewis v. Al Knutson*, 669 F.2d 230, 238 (5th Cir. 1983). In this case, Allseitz generally complains about LeBow's alleged activities, including improper debit refinancing and interest deferrals and unauthorized use of company assets, but Allseitz never states that he was a shareholder of BGL or New Valley when this conduct occurred. In addition, Allseitz fails to allege that he is presently a shareholder of BGL or New Valley.

Therefore, given that Allseitz is bringing this suit pro se and since he fails to fulfill the requirements of Rule 23.1, the Court determines that Allseitz's derivative suit for breach of fiduciary duties against LeBow fails to state a claim for which relief can be granted. Defendants' motion to dismiss Allseitz's cause of action for breach of fiduciary duties is **GRANTED**.

### V.

Accordingly, Defendants' motion to dismiss is **GRANTED**. (Instrument No. 36).

### VI.

As previously recognized by Judge Lee H. Rosenthal in Civil Action No. 98-2749, this Court also finds that Allseitz is abusing the judicial process by his repeated filing of frivolous actions. The manner in which Allseitz has proceeded warrants action to prevent him from further filings of cases that are, at least in part, frivolous. This court therefore orders the following:

(1) Until such time as the court may order otherwise, Edwin A. Allseitz, Jr. is hereby ENJOINED from filing any action, complaint, or motion in the Southern District of Texas without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of Texas. Any new motions, complaints, or actions which Allseitz seeks to file in this court will not be docketed until the Chief Judge of the United States District Court for the Southern District of Texas grants Allseitz written leave to file;

(2) Any new motion, complaint, or action that Allseitz seeks to file in this court shall be accompanied by a Motion for Leave to File Complaint/Motion. The Clerk of this court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the complaint/motion;

(3) Failure of Allseitz to comply with this order or continuous filing of any vexatious and/or frivolous complaints, motions, or actions raising similar issues addressed in previously dismissed cases may result in the imposition of sanctions and/or a criminal contempt citation.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 22nd day of June, 1999, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**