Case 4:98-cv-03122 Document 50 Filed 06/25/99 in TXSD Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 29 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| **EDWIN A. ALLSEITZ, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. H-98-3122** |
| | § | |
| **BENNETT S. LeBOW, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court are Defendant Carl Icahn's Motion to Dismiss (Instrument No. 25), and Defendants Arthur Levitt, and the Securities and Exchange Commission's Motion to Dismiss, (Instrument No. 33).[1] Based upon the parties' submissions and the applicable law, the Court finds that Defendants' motions to dismiss should be **GRANTED**.

### I.

Plaintiff Edwin A. Allseitz, Jr. ("Allseitz") brings this action against Defendants LeBow and others, including Carl Icahn ("Icahn"), for manipulating, through various means, the stock price of Brooke Group Limited ("BGL"), a publicly traded company on the New York Stock Exchange ("NYSE"). Allseitz also brings suit against the Securities and Exchange Commission (" the SEC") and its Chairman Arthur Levitt ("Levitt"), in his official capacity, for failure to stop or sanction the allegedly improper activities by the other defendants.

---

[1] In his original complaint, Allseitz did not allege any claims against the Securities and Exchange Commission as a defendant, and the Securities and Exchange Commission was not listed on the caption as a defendant. However, in his Amended Complaint, Allseitz alleged various claims against the Securities and Exchange Commission. The Court will address the motion to dismiss with respect to both Levitt and the Securities and Exchange Commission.

50

On January 11, 1999, Icahn filed a motion to dismiss for lack of personal jurisdiction. The SEC and Levitt filed a Motion to Dismiss on January 22, 1999, claiming a lack of subject matter jurisdiction due to sovereign immunity and the discretionary function exception to the Federal Tort Claims Act ("FTCA"). Icahn, the SEC, and Levitt also argue that Allseitz fails to state a claim upon which relief can be granted.

**II.**

Specific jurisdiction over a non-resident defendant in this State exists only where "the defendant purposely availed itself of the privilege of conducting activities in the state, thereby invoking the benefits and protection of the forum state's laws." *Polythane Systems, Inc. v. Marina Ventures Int'l*, 993 F.2d 1201, 1205 (5th Cir. 1993), *cert denied*, 510 U.S. 1116 (1994). Icahn does not live in Texas, does not maintain an office in Texas, and does not regularly transact business in this State. Furthermore, Allseitz's claims do not relate to any contract, act, or occurrence entered into or committed by Icahn within the State of Texas. In addition, Icahn has not purposefully availed himself of the privilege of conducting activities in this State, nor has he undertaken any other acts sufficient to extend the State's jurisdiction over him. There is no basis for personal jurisdiction over Icahn in Texas, and thus, Defendant Icahn's motion to dismiss is **GRANTED**. (Instrument No. 25).

**III.**

With respect to his claims against the SEC and Levitt, Allseitz fails to allege any basis for a waiver of sovereign immunity. The United States, as a sovereign, is not subject to suit without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Even in those limited instances where Congress has waived sovereign immunity, the U.S. and its agencies may only



ClibPDF - www.fastio.com

be sued in the manner so provided by the conditions of that waiver. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The doctrine of sovereign immunity applies not only to the agency, but also to its officials who are sued in their "official capacities" in order to compel them to take actions that "would expend the public treasury, restrain the government from acting, or compel it to act." *Coleman v. Epsy*, 986 F.2d 1184, 1189 (8th Cir.), *cert. denied*, 510 U.S. 913 (1993). Since Allseitz has failed to prove that the SEC and Levitt consented to be sued, his claims against the SEC and Levitt are barred by sovereign immunity and are, therefore **DISMISSED**.

The FTCA also bars all claims arising out of the performance or failure to perform of a discretionary function or duty of a federal agency or employee of the government. 28 U.S.C. § 2680(a). The Securities Exchange Act of 1933 and the Securities Exchange Act of 1934 both state that the initiation and conduct of investigations have been entrusted to the discretion of the Commission. 15 U.S.C. § 77t(a) *et seq.*, 15 U.S.C. § 78u(a) *et seq.* The SEC's decision not to investigate or pursue possible violations of the federal securities laws is clearly within the discretionary function exception. *See, e.g., S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984). Thus, Allseitz's claims against the SEC and Levitt are also barred by the FTCA. Consequently, Defendants Levitt's and the SEC's motion to dismiss is **GRANTED**. (Instrument No. 33).

**IV.**

As previously recognized by Judge Lee H. Rosenthal in Civil Action No. 98-2749, this Court also finds that Allseitz is abusing the judicial process by his repeated filing of frivolous actions. The manner in which Allseitz has proceeded warrants action to prevent him from



ClibPDF - www.fastio.com

further filings of cases that are, at least in part, frivolous. This court therefore orders the following:

(1) Until such time as the court may order otherwise, Edwin A. Allseitz, Jr. is hereby ENJOINED from filing any action, complaint, or motion in the Southern District of Texas without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of Texas. Any new motions, complaints, or actions which Allseitz seeks to file in this court will not be docketed until the Chief Judge of the United States District Court for the Southern District of Texas grants Allseitz written leave to file;

(2) Any new motion, complaint, or action that Allseitz seeks to file in this court shall be accompanied by a Motion for Leave to File Complaint/Motion. The Clerk of this court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the complaint/motion;

(3) Failure of Allseitz to comply with this order or continuous filing of any vexatious and/or frivolous complaints, motions, or actions raising similar issues addressed in previously dismissed cases may result in the imposition of sanctions and/or a criminal contempt citation.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 25th day of June, 1999, at Houston, Texas.

[signature]

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**



ClibPDF - www.fastio.com